**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**VICKIE S. MOYER**                                                                      **PLAINTIFF**

**v.**                                         **CASE NO. 4:08-CV-00087 BSM**

**DVA RENAL HEALTHCARE, INC.**                                          **DEFENDANT**

<u>**ORDER**</u>

Presently before the court is defendant DVA Renal Healthcare, Inc.'s ("DVA") bill of costs.  As a preliminary matter, although plaintiff Vickie S. Moyer ("Moyer") has filed a notice of appeal, which divests the district court of jurisdiction over aspects of the case that are the subject of the appeal, the district court retains jurisdiction over collateral matters, such as attorney's fees, costs, and sanctions while the appeal is pending."  *United States v. Queen,* 433 F.3d 1076, 1077 (8th Cir. 2007); *Peter v. Jax*, 187 F.3d 829, 833 n.2 (8th Cir. 1999); *Missouri v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 n.3 (8th Cir. 1999); *Lorenz v. Valley Forge Ins. Co.,* 23 F.3d 1259, 1260-61 (7th Cir. 1994) ("[C]osts are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending.").

DVA requests total costs of $3,429.36 for fees to the Clerk, deposition transcripts, and copies.  Moyer objects, noting that the court has discretion whether to award costs and asserting that DVA is a attempting to chill future civil rights actions against it by attempting to obtain a punitive cost award from a low-income plaintiff.

1

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> . . .
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . .

"A prevailing party is presumptively entitled to recover all of its costs."  *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)).  "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party."  *Greaser v. State, Dept. of Corrections*, 145 F3d 979, 985 (8th Cir. 1998) (upholding district court's denial of costs to prevailing defendant in discrimination case).  Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs.  *Id.*  "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court

2

must provide a rationale for denying the prevailing party's claim for costs." *Thompson*, 427 F.3d at 517.

## I.  COPYING COSTS

DVA requests printing and copying costs in the amount of $227.20 for their Rule 26 initial disclosures, motion for summary judgment and supporting briefs and documents, pretrial disclosure sheet, and reply to the response to the motion for summary judgment.  The court in *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133-34 (E.D. Mo. 1998) (emphasis added), discussed copying costs awardable under subsection (4) of § 1920:

> Under subsection (4) of § 1920, plaintiffs could have legitimately listed amounts they paid to others for production of documents, or could have charged their own photocopy expenses for copying the numerous exhibits that they introduced at trial.  Under the costs statute, however, plaintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not copies of papers "necessarily obtained for use in the case."

But, in *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999), the court granted costs for copies used by the prevailing party as Exhibits for Summary Judgment.

DVA's request for $227.20 are not recoverable in its entirety, as the cost statute does not cover the expenses incurred in copying pleadings and motions served on opposing counsel or expenses incurred in copying documents to be produced in discovery.  The court

3

will allow DVA $0.15 per page for the 91 pages of exhibits to the motion for summary judgment, as well as the 12 pages of the accompanying declaration and exhibits, resulting in an award of $15.45.

DVA also requests $88.61 for copies of Moyer's medical records.  DVA has submitted evidence that it was billed by Moyer's medical providers for the production of Moyer's medical records.  In her complaint, Moyer requested damages for emotional distress. DVA's request for $88.61 for copies of Moyer's medical records is granted.

## II. DEPOSITION COSTS

DVA requests deposition costs in the amount of $2,763.55 for the depositions of Moyer, Elizabeth Payan, Margaret Eldred, and Debra Cumberbatch.  "[T]he expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary for the case and not purely investigative in nature."  *Koppinger v. Cullen-Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975).  "The justification for taxing the expense of a deposition that is introduced in evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment."  *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 423.  "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." *Id*. at 424.  The deposition of Moyer was used in DVA's successful motion for summary judgment.  Thus, DVA is awarded $2,350.60 for Moyer's deposition.

4

It is not clear, however, whether the depositions of Payan, Eldred, and Cumberbatch seemed reasonably necessary at the time the depositions were taken, or if they were merely investigatory or obtained for the convenience of DVA.   DVA did not rely upon the depositions in support of summary judgment.   Rather, Moyer attached the depositions as exhibits to her response to the motion for summary judgment.   At that point, DVA had access to the depositions through the court's docket.   DVA's request for $412.95 is denied.

### III.  FILING FEE

Finally, DVA requests reimbursement for the $350 filing fee it paid when it removed this case to federal court.   This cost is awarded.   *See Card v. State Farm Fire and Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989) (stating that court fees are allowed as costs whether they are fees which are paid when the action was initially filed or when the action was removed).

Accordingly, defendant's bill of costs (Doc. No. 30) is granted in part, and denied in part.   Costs in the amount of $2,804.66 are hereby awarded to defendant.

IT IS SO ORDERED this 27th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE

5